Jonathan L. Israel
Anne B. Sekel
Alisha L. McCarthy
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016-1314
(212) 682-7474
jisrael@foley.com
asekel@foley.com
amccarthy@foley.com

*Attorneys for Defendant and Counter-Plaintiff*
*Shenzhen Mindray Bio-Medical Electronics Co., Ltd.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASIMO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MINDRAY DS USA, INC., SHENZHEN MINDRAY BIOMEDICAL ELECTRONICS CO., LTD., and MINDRAY MEDICAL INTERNATIONAL LTD., <br><br> Defendants. | **Civil Action No. _____** <br><br><br> **NOTICE OF REMOVAL** <br><br> *Electronically Filed Document* |
| MINDRAY DS USA, INC. and SHENZHEN MINDRAY BIOMEDICAL ELECTRONICS CO., LTD., <br><br> Counter-Plaintiffs, <br><br> v. <br><br> MASIMO CORPORATION, <br><br> Counter-Defendant. | |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), 1446, and 1454(a), Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd. ("Shenzhen Mindray" or "Defendant"), by its attorneys, hereby removes this action from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-9601-13, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Shenzhen Mindray states as follows:

1. Plaintiff-Counter-Defendant Masimo Corporation ("Plaintiff") commenced this action by filing a Complaint against Mindray DS USA, Inc. ("Mindray DS"), Shenzhen Mindray, and Mindray Medical International, Ltd. ("MMIL") as Defendants in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, where it is presently captioned as *Masimo Corp. v. Mindray DS USA, Inc., et al.*, Docket No. L-9601-13.

2. To the best of Shenzhen Mindray's knowledge, Mindray DS is a Delaware corporation; MMIL is a Cayman Island's based holding company.

3. Pursuant to 28 U.S.C. § 1446(b)(2)(A), no other defendant need join in or consent to the removal of this action because this action is not being removed solely pursuant to 28 U.S.C. § 1441(a).

4. Mindray DS was served with a copy of the Summons and Complaint on December 20, 2013. Mindray DS removed this action to the United States District Court for the District of New Jersey on January 17, 2014, within 30 days of being served with a copy of the Complaint (the "First Removal"). The First Removal was based on the District Court's original jurisdiction over Mindray DS's then-anticipated patent infringement and federal antitrust counterclaims. A copy of Mindray DS's First Notice of Removal (without exhibits) is attached hereto as **Exhibit A**. On January 24, 2014, Mindray DS filed a Motion to Dismiss or Stay the action in the District Court under the federal "first-to-file" rule.

5.     Plaintiff filed a Motion to Remand on February 7, 2014, on the ground that removal was improper because Mindray DS's federal counterclaims – which were attached to Mindray DS's Notice of Removal – had not yet been asserted by Mindray DS.  On May 21, 2014, before disposition of the Motion to Remand, Mindray DS filed its Answer and Counterclaims in the District Court.

6.     While the matter was pending before the District Court after the First Removal, on November 27, 2014 and September 17, 2014, respectively, Shenzhen Mindray and MMIL were first served with federally-issued Summonses and the Complaint.  A copy of the executed summons served on Shenzhen Mindray (along with the process that was served) is attached hereto as **Exhibit B**.

7.     On January 7, 2015, adopting the Report and Recommendation and the Supplemental Report and Recommendation of Magistrate Judge Arleo on the Motion to Remand, the District Court granted the Motion to Remand, and terminated the case.  In doing so, the District Court found that the State Court case was not removable because Mindray DS had not yet asserted its counterclaims at the time of removal.  A copy of the District Court's January 7, 2015 Order and Opinion is attached hereto as **Exhibit C**.

8.     Upon information and belief, the case was marked "received" by the Superior Court of New Jersey, Law Division, Bergen County, under Docket No. L-9601-13, on January 12, 2015, and the Superior Court docket was reinstated on January 15, 2015.  None of the pleadings or other papers filed in District Court by any party were adopted by the Superior Court.

9.     On January 22, 2015, Mindray DS timely filed its Answer and Counterclaims in the reinstated State Court action.  The Counterclaims, which are attached hereto as **Exhibit D**, included federal antitrust and patent law claims.

10. On the same day, January 22, 2015, Mindray DS removed the action (the "Second Removal"). A copy of Mindray DS's Second Notice of Removal (without exhibits) is attached hereto as **Exhibit E**.

11. Plaintiff filed a Second Motion to Remand on February 23, 2015, arguing that the Second Removal was untimely (in that it took place after the case was pending in State Court for 35 days) and improper (in that Mindray DS's patent counterclaims were not compulsory and, therefore, could not serve as the basis for the District Court's jurisdiction and that its antitrust counterclaims could not be removed at all).

12. On January 29, 2015, Shenzhen Mindray and MMIL filed Motions to Dismiss on the grounds that the District Court lacked personal jurisdiction and that Plaintiff failed to state a claim.

13. On September 1, 2015, the District Court granted in part the Motion to Remand, holding that the removal of Mindray DS's patent counterclaims was proper (and that Plaintiff's patent counter-counterclaims also were properly before the District Court) but that Plaintiff's state law claims and its antitrust counter-counterclaims and Mindray DS's antitrust counterclaims must be severed and remanded to State Court. The District Court further dismissed as moot Shenzhen Mindray's and MMIL's Motions to Dismiss. A copy of the District Court's September 1, 2015 Order and Opinion (the "Second Remand Order") is attached hereto as **Exhibit F**.

14. On September 16, 2015, Shenzhen Mindray timely filed its Answer and Counterclaims in the reinstated State Court action, with a reservation of rights in its Answer regarding its continued objection to personal jurisdiction which it will pursue further in the proper Federal forum. The Shenzhen Mindray Counterclaims, which are attached hereto as part of **Exhibit G**, include federal antitrust and patent law claims.

15. This Court has original jurisdiction over the patent law counterclaims filed by Shenzhen Mindray pursuant to 28 U.S.C. § 1454(a).

16. This Court has supplemental jurisdiction over the state law claims because the contract at issue in Plaintiff's complaint grants a license and implied license to patents that are subject to Mindray's patent law counterclaims. The scope and validity of those patents relate to Shenzhen Mindray's affirmative defense to the Plaintiff's breach of contract claims of failure of consideration.

17. Pursuant to 28 U.S.C. § 1446(a), the processes, pleadings, or orders served upon Shenzhen Mindray in this action are attached hereto in the previously referenced exhibits.[1]

18. The Superior Court of New Jersey, Law Division, Bergen County, is located within the United States District Court, District of New Jersey, Newark vicinage. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

19. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint includes claims subject to the first-to-file rule as well as abstention doctrines because the issues raised in Plaintiff's Complaint are almost identical to issues currently present before the United States District Court for the Central District of California against Shenzhen Mindray in a case captioned *Masimo Corporation v. Mindray DS USA Inc., et al.*, Docket No. 8:12-cv-02206-CJC-JPR, a case pending since December 21, 2012 ("the California Action"). Further, the contract at issue in Plaintiff's claims here grants a license and implied license to several patents, the scope of which necessarily needs to be decided for purposes of the asserted relief in the California

---

[1] To the extent that the Court wishes to review other filings made while the case previously was pending before the District Court, they are available at Docket Numbers 2:14-cv-00405-SDW-SCM (D.N.J.) and 2:15-cv-00457-SDW-SCM (D.N.J).

Action. As such, this Court has original jurisdiction over Plaintiff's claims which arise under the "laws ... of the United States." 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction over any remaining state law claims because such claims are so related to the claims asserted here that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. Specifically, Plaintiff's Complaint, including its federal and state law claims, arises out of Shenzhen Mindray's alleged breach of contract and the alleged failure by Shenzhen Mindray to adopt "primarily" Masimo technology. Plaintiff has alleged that Shenzhen Mindray was obligated to perform entirely different and inconsistent standards under a different contract asserted by Plaintiff in the California Action. This Court should exercise supplemental jurisdiction to prevent manifest injustice caused by Plaintiff's irreconcilable demands and the potential for inconsistent results.

21. Removal is timely pursuant to 28 U.S.C. § 1446(c)(3), which states that "…if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

22. The District Court's Second Remand Order was entered on September 1, 2015. 30 days from that date has not yet expired. Further, to the extent that Shenzhen Mindray's now-filed Answer and Counterclaims is deemed to be the "paper from which it may first be ascertained that the case is one which has become removable", 30 days from the date of its filing (September 16, 2015) also has not yet expired.

23. Alternatively, the matter has been pending in State Court no more than 30 days since service of the Complaint on Shenzhen Mindray on November 27, 2014 – specifically, the case has

been before the State Court for, at most, 15 days from January 7, 2015 until January 22, 2015[2] and 15 days from September 1, 2015 through September 16, 2015. Therefore, even if Shenzhen Mindray's time for removal were to be calculated based on service of the Complaint, its removal is timely.

24. Finally, if the removal is deemed to have occurred outside the initial 30 day period for removal, Shenzhen Mindray nevertheless can establish cause for extending the 30-day time period in 28 U.S.C. § 1446(b). To wit, Shenzhen Mindray did not possess a right of removal until it filed its Answer and Counterclaims in State Court (after the District Court's Second Remand Order and its Motion to Dismiss was dismissed as moot). Promptly after the District Court's Second Remand Order, Shenzhen Mindray filed its Answer and Counterclaims in State Court prior to the deadline for such a pleading. This swift action weighs in favor of granting an extension. *Andrews v. Daughtry*, No. 1:13 cv-408, 2014 U.S. Dist. LEXIS 5299, at *21 (M.D.N.C. Jan. 15, 2014) ("One of the salutary purposes of the timing provisions of sections 1446 and 1454 is to limit the ability of the Defendant to test the waters in one forum and, finding them inhospitable, move to another forum that might be more sympathetic to its views.").

25. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal of this action is being filed with the Superior Court of New Jersey, Bergen County, Law Division.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal of this action is being served upon counsel for the Plaintiff.

---

[2] In fact, since the State Court docket was not reinstated until January 15, 2015 (*see supra* at paragraph 8), even fewer days have passed while the case was officially pending in State Court.

WHEREFORE, Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd. requests that the above-captioned action, formerly pending in a court of the State of New Jersey, proceed in this Honorable Court, and that the proceedings be governed by the applicable federal rules and statutes.

Dated: September 16, 2015

FOLEY & LARDNER LLP

By: s/ Anne B. Sekel
    Jonathan L. Israel
    Anne B. Sekel
    Alisha L. McCarthy
**Foley & Lardner LLP**
90 Park Avenue
New York, NY 10016-1314
(212) 682-7474
jisrael@foley.com
asekel@foley.com
amccarthy@foley.com

*Attorneys for Defendant and Counter-Plaintiff Shenzhen Mindray Bio-Medical Electronics Co., Ltd.*